Vermont Superior Court
Filed 08/20/24
Lamoille Unit

VERMONT SUPERIOR COURT
Lamoille Unit
154 Main Street
Hyde Park VT 05655
802-888-3887
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-03000

| Kaitlin Tilton v. Atticus Gillen |
|---|

## ENTRY REGARDING MOTION

Title:     Motion for Writ of Attachment Emergency Ex Parte  (Motion: 1)
Filer:     Evan Barquist; Kristen J.E. Connors
Filed Date:     August 12, 2024

The motion is DENIED.

The present action seeks to recover damages based on claims of battery, assault, false imprisonment, intentional infliction of emotional distress, and negligent infliction of emotional distress.  Plaintiff has filed a motion for an ex parte prejudgment writ of attachment in the amount of $300,000.

To prevail on an motion for an ex parte prejudgment writ of attachment, the moving party must put forward sufficient evidence to establish two prongs.  V.R.C.P. 4.1(b)(3).  First, Plaintiff must establish, "(A) that there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, **in an amount equal to or greater than the amount of the attachment**" and that there is no sufficient liability insurance or other security to satisfy the judgment.  Id. (emphasis added).  Second, Plaintiff must also establish (B) that there is a "clear danger shown by specific facts" that defendant will remove or conceal the property or "immediate danger shown by specific facts" that defendant will damage, destroy, or sell the property.  Id.  Both prongs must be met before the Court can grant the relief sought.

In this case, Plaintiff Tilton's evidence and representations primarily go to the second prong, "(B)" in that addresses concerns that Defendant Gillen has or will transfer his funds out of his name and use family members in the area to facilitate these transfers once he becomes aware of the lawsuit.

Setting aside the question of whether these allegations are sufficient to meet the second prong (B) of Rule 4.1(b)(3), there is a lack of evidence or information on the first prong (A), namely what amounts Plaintiff is likely to recover in judgment in this matter. While Plaintiff Tilton suggests that she is likely to prevail on the merits of her claims because of the underlying criminal record and charges to which Defendant Gillen has entered a guilty plea, there is nothing in the complaint, motion, or affidavit that indicates the amount of such a judgment that Gillen is likely to recover. The Complaint lists a prayer for compensatory damages, interest, and punitive damages, but there is no evidence as to what these amounts might be. The only source for the $300,000 number appears to be the representation and belief that Defendant Gillen sold his farm for that amount in 2021.

To grant a writ of attachment, there must be some element of proof that establishes not simply that a party is likely to obtain a "judgment" but the likely amount of that judgment and to sufficiently show that the amounts sought in the writ will not exceed the amounts likely obtained in the eventual judgment. See, e.g., *Facility Gateway Corp. v. Sovernet, Inc., Atn*, 2017 WL 11676865, at *5 (Oct. 31, 2017) (Mello, J.).

The particular difficulty in the present case is that short of specific medical costs or property damages, Plaintiff Tilton's damages are likely to be derived from pain and suffering—a number assigned by a jury based on its evaluation of the evidence and not to some fixed valuation or amount that can established as a determined prejudgment amount. While this does not make Plaintiff Tilton's claim more or less meritorious, it does go to the issue of due process and constitutional protections. 11A WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2934 (3.ed. 2024 update) (collecting U.S. Supreme Court cases discussing the issues and safeguards surrounding the pre-judgment writ of attachment). The important distinction is that a writ of attachment does not arise simply because a defendant may hide or dispose of an asset. Rather it arises if the disposal poses a clear or immediate danger that the defendant will leave plaintiff with insufficient assets to collect a specific judgment amount that plaintiff has demonstrated she is likely to recover.[1]

---

[1] To the extent that Plaintiff's remedies may not include a pre-judgment writ of attachment, the law allows other methods for eventual judgment creditors to claw back assets where there is evidence of transfers for illegal or improper purpose. See 9 V.S.A. §§ 2285–2299 (addressing fraudulent conveyances for present and future creditors).

## <u>ORDER</u>

Given the lack of evidence on the potential amount of judgment that she is likely to recover as required under V.R.C.P. 4.1(b)(3)(A), Plaintiff's motion for an ex parte prejudgment writ of attachment is **Denied.**

Electronically signed on 8/19/2024 7:06 PM pursuant to V.R.E.F. 9(d)

_____
Daniel Richardson
Superior Court Judge